IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC.; DYNATONE PUBLISHING COMPANY; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; ADULT MUSIC; SCREEN GEMS-EMI MUSIC, INC.; SONY/ATV SONGS LLC; PANCHIN PUBLISHING, A DIVISION OF PANTERA PRODUCTIONS, INC.; DANDELION MUSIC CO., A DIVISION OF JAMIE MUSIC PUBLISHING CO.; BEECHWOOD MUSIC CORPORATION; SONGS OF UNIVERSAL, INC.; and ESCATAWPA SONGS,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| *Plaintiffs,* ) | |
| v. ) | **CASE NO. 16-cv-1838** |
| **ALIBI BAR & GRILL, LTD. d/b/a ALIBI BAR & GRILL; RICH SIMPSON, SR.; and RICH SIMPSON, JR., each individually,** ) ) ) ) | |
| *Defendants* ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

### THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade

Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Dynatone Publishing Company is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Rondor Music International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Adult Music is a partnership owned by Ken Adamany, Rick Nielsen, Brad Carlson, Robin Zander and Tom Peterson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Panchin Publishing is a division of Pantera Productions, Inc. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Dandelion Music Co. is a division of Jami Music Publishing Co. This Plaintiff is the owner of at least of the songs in this matter.

12. Plaintiff Beechwood Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Defendant Alibi Bar & Grill, Ltd. is a limited company organized and existing under the laws of the State of Illinois.

16. Defendant Alibi Bar & Grill, Ltd. operates, maintains, and controls an establishment known as Alibi Bar & Grill, located at 12 N 3rd Street, St. Charles, IL 60174, (the "Establishment") in this district.

17. In connection with the operation of the Establishment, Defendant Alibi Bar & Grill, Ltd. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

18. Defendant Alibi Bar & Grill, Ltd. has a direct financial interest in the Establishment.

19. Upon information and belief, Defendant Rich Simpson, Sr., is the President of Defendant Alibi Bar & Grill, Ltd. with responsibility for the operation and management of that corporation and the Establishment.

20. Upon information and belief, Defendant Rich Simpson, Sr., has the right and ability to supervise the activities of Defendant Alibi Bar & Grill, Ltd. and has a direct financial interest in that corporation and the Establishment.

21. Upon information and belief, Defendant Rich Simpson, Sr., resides in this district at 236 E. Vallette Street, Elmhurst, IL 60174.

22. Upon information and belief, Defendant Rich Simpson, Jr., is the Vice President and an officer of Defendant Alibi Bar & Grill, Ltd. with responsibility for the operation and management of that corporation and the Establishment.

23. Upon information and belief, Defendant Rich Simpson, Jr., has the right and ability to supervise the activities of Defendant Alibi Bar & Grill, Ltd. and has a direct financial interest in that corporation and the Establishment.

24. Upon information and belief, Defendant Rich Simpson, Jr., resides in this district at 4507 Washington Street, Downers Grove, IL 60515.

## CLAIMS OF COPYRIGHT INFRINGEMENT

25. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 24.

26. Since July 2014, BMI has reached out to Defendants over 40 times by telephone, email and by mail to inform Defendants of their obligations under the Copyright Act to obtain a license for the public performance of musical compositions in the BMI repertoire. The letters included Cease and Desist Notices informing Defendants that they must immediately cease all use of musical compositions from the BMI Repertoire at the Establishment.

27. Plaintiffs allege eight (8) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

28. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the eight (8) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 provides the claim number; Line 2 lists the title of the musical composition related to that claim; Line 3 identifies the writer(s) of the musical composition; Line 4 identifies the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 provides the date on which the copyright registration was issued for the musical composition; Line 6 indicates the copyright registration number(s) for the musical composition; Line 7 shows the date(s) of infringement; and Line 8 identifies the Establishment where the infringement occurred.

29. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

30. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7,

the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

33. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works from the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court enjoins Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(I) that Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) for judgment that Defendants' infringement has been willful;

(III) that Defendants be ordered to pay actual or statutory damages, pursuant to 17 U.S.C. § 504(a)–(c);

(IV) that Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(V) that Plaintiffs have such other and further relief as is just and equitable.

Dated: February 1, 2016

                        Respectfully submitted,

                        */s/ Charles A. Laff*

Charles A. Laff (1558153)
Paul R. Coble (6296105)
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, Illinois 60601-6710
T: 312.222.0800; F: 312.222.0818
calaff@michaelbest.com
pcoble@michaelbest.com

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Get Up I Feel Like Being Like A Sex Machine AKA Get Up I Feel Like Being A Sex Machine |
| Line 3 | Writer(s) | James Brown; Bobby Byrd; Ronald Lenhoff |
| Line 4 | Publisher Plaintiff(s) | Dynatone Publishing Company |
| Line 5 | Date(s) of Registration | 7/9/70    3/13/73 |
| Line 6 | Registration No(s). | Eu 198587   Ep 310534 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Hard To Handle |
| Line 3 | Writer(s) | Alvertis Isbell; Allen Jones; Otis Redding |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 6/13/68    12/13/68 |
| Line 6 | Registration No(s). | Eu 58360    Ep 254414 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | I Want You To Want Me |
| Line 3 | Writer(s) | Rick Nielsen |
| Line 4 | Publisher Plaintiff(s) | Ken Adamany, Rick Nielsen, Brad Carlson, Robin Zander and Tom Peterson, a partnership d/b/a Adult Music; Screen Gems-EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 7/7/77    4/20/79 |
| Line 6 | Registration No(s). | Eu 809938   PA 42-276 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Material Girl a/k/a Living In A Material World a/k/a I Am A Material Girl |
| Line 3 | Writer(s) | Peter Brown; Robert Rans |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 3/19/84 |
| Line 6 | Registration No(s). | PAu 598-777 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Point Of No Return |
| Line 3 | Writer(s) | Luis A. Martinez p/k/a Lewis A. Martinee |
| Line 4 | Publisher Plaintiff(s) | Panchin Publishing, a division of Pantera Productions, Inc.; Screen Gems - EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 8/28/85 |
| Line 6 | Registration No(s). | PA 263-096 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | She's Some Kind Of Wonderful a/k/a Some Kind Of Wonderful |
| Line 3 | Writer(s) | J. Ellison a/k/a John Ellison |
| Line 4 | Publisher Plaintiff(s) | Dandelion Music Co., a division of Jamie Music Publishing Co. |
| Line 5 | Date(s) of Registration | 6/5/67 |
| Line 6 | Registration No(s). | Ep 232189 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | We Are The Champions |
| Line 3 | Writer(s) | Freddie Mercury |
| Line 4 | Publisher Plaintiff(s) | Beechwood Music Corporation |
| Line 5 | Date(s) of Registration | 11/18/77    12/23/77 |
| Line 6 | Registration No(s). | Eu 846122    Ep 377973 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 8 |
| Line 2 | Musical Composition | Kryptonite |
| Line 3 | Writer(s) | Bradley Kirk Arnold; Robert Todd Harrell; Matthew Darrick Roberts |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.;  Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs |
| Line 5 | Date(s) of Registration | 2/28/00 |
| Line 6 | Registration No(s). | PAu 2-480-972 |
| Line 7 | Date(s) of Infringement | 10/23/2015 |
| Line 8 | Place of Infringement | Alibi Bar & Grill |